### GRISWOLD *v.* HAZARD and others.

*(Circuit Court, D. Rhode Island. September 10, 1886.)*

PRINCIPAL AND SURETY—PRINCIPAL FAILING TO SET UP DEFENSE—INJUNCTION TO RESTRAIN ACTION AT LAW.

In an action upon a bond conditioned for the performance of a decree of a court, a surety cannot, at law or in equity, avail himself of a defense which his principal might have, but did not, set up in the case in which such decree was rendered. See *Hazard* v. *Griswold*, 21 Fed. Rep. 178.

Demurrer to bill. See *Griswold* v. *Hazard, ante,* 578.

The opinion states the facts.

*A. Green* and *S. R. Honey,* for complainant.

*E. Metcalf* and *E. Merwin,* for respondents.

Heard by COLT and CARPENTER, JJ.

CARPENTER, J. The respondents in this case, on March 3, 1883, commenced, in the supreme court of the state of Rhode Island, an action of debt on a bond dated August 24, 1868, and executed by Thomas C. Durant as principal, and the complainant and S. Dexter Bradford as sureties, binding them jointly and severally to Rowland

G. Hazard and others in the sum of $53,735, the condition of which is that Durant "shall on his part abide and perform the orders and decrees of the supreme court of the state of Rhode Island in the suit in equity of *Isaac P. Hazard and others* against *Thomas C. Durant and others*, now pending in said court within and for the county of Newport." The breach assigned in the declaration is that Durant has not performed a decree, by which that court, on December 2,. 1882, ordered him to pay into its registry the sum of $16,071,059.97. After oyer prayed and granted, the complainant filed ten pleas in bar, and the case was removed, on his petition, into this court, where the respondents filed special demurrers to five of the pleas. These demurrers were sustained in *Hazard v. Griswold*, 21 Fed. Rep. 178.

The complainant now brings this bill in aid of his defense to that action, and in support of his prayer for an injunction he alleges that, in the course of certain proceedings in the circuit court of the United States for the Eastern district of Pennsylvania, Oliver Ames was appointed receiver of the Credit Mobilier of America, and, as such receiver, was authorized to execute to said Durant a release of all sums of money then due from him to the company, and from all actions and demands whatsoever, and that on October 27, 1881, the said Ames executed and delivered such release to said Durant accordingly. He further alleges that Durant was not allowed to set up the release as a bar to the entering of a decree in the suit of *Isaac P. Hazard et al.* v. *Thomas C. Durant et al.*, because he was in contempt of that court for violation of one of its decrees rendered therein. The respondents demur to this bill, and assign, as ground of demurrer, that there is no equity in the bill, and that the validity of the release, and the validity of the decree of the supreme court of Rhode Island as affected by the release, were in issue in the action at law which is here sought to be enjoined, and were decided adversely to the claim of the complainant by the judgment on the demurrers.

The travel of the action at law, so far as it relates to this question, was as follows: The seventh plea set up the release above described as a bar to the action, and to that plea the respondents demurred generally and specially, and the demurrers were sustained, as appears by the last paragraph of the opinion in *Hazard v. Griswold*, above cited. The complainant then filed an amended plea, in which he set up the release "as a further and equitable plea in this behalf." The respondents moved to strike out this plea, on the ground that the courts of the United States cannot entertain equitable defenses to legal claims in actions at law, and the motion was granted, and the amended plea was stricken out.

The complainant in this bill now argues that the effect of the judgment on the demurrer was only to determine that the seventh plea was bad as a legal defense to the action. We think he is right in this position. The judgment on the demurrer did not determine the validity of the release or of the judgment; it only determined that a

plea alleging the release was a bad plea to that declaration. But in this bill the general demurrer raises the question whether the allegation of the release is a good equitable defense to the action. On this question we think the authority of *Hazard* v. *Griswold* is in point. The strict question in that case, as we have already said, was whether the release could be pleaded in an action at law, but the decision of that question was on the broader ground that the release could not be availed of in any way except by pleading it in the supreme court of Rhode Island. We fully agree with the reasoning of the opinion, and are disposed to follow it in deciding this case. The release, if it be valid, would have been a bar to any recovery against Durant. A recovery, however, was had against him, and the bond given by this complainant secures the payment of the amount recovered. We cannot hold that the release is a defense, either legal or equitable, to an action on the bond, unless we should hold that the decree of the supreme court of Rhode Island is invalid by reason of the existence of a fact which might have been availed of as a bar to any recovery. The decree was entered in pursuance of due process of law, and must be held to be conclusive against any allegations which would have constituted an effectual defense. Such, doubtless, would be the rule if the respondent had chosen not to make such allegations, and such, we think, is the rule, although the respondent, as in this case, was prevented from making the allegation as a consequence of his own misconduct.

The demurrer will be sustained.